United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Thomas S. Schwear  
    Debtor

Case No. 18-16182-ref  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4    User: dlv    Page 1 of 1    Date Rcvd: May 03, 2019  
                    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 05, 2019.  
db           +Thomas S. Schwear,    129 Ashley Drive,     Ephrata, PA 17522-2627

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                       TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 05, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 3, 2019 at the address(es) listed below:  
       MARY F. KENNEDY    on behalf of Creditor    GREEN TREE SERVICING LLC mary@javardianlaw.com, tami@javardianlaw.com  
       MARY F. KENNEDY    on behalf of Creditor    LoanCare, LLC mary@javardianlaw.com, tami@javardianlaw.com  
       MICHAEL D. HESS    on behalf of Debtor Thomas S. Schwear amburke7@yahoo.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    LoanCare, LLC bkgroup@kmllawgroup.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com  
       ROLANDO RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com, ecf_frpa@trustee13.com  
       SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com  
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
       WILLIAM MILLER*R    on behalf of Trustee WILLIAM MILLER*R ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com  
                                                                                                           TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas S. Schwear<br>　　　　　Debtor | CHAPTER 13 |
| LoanCare, LLC<br>　　　　　Movant<br>vs. | NO. 18-16182 REF |
| Thomas S. Schwear<br>　　　　　Debtor | |
| Scott Waterman<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or about April 29, 2019, current Movant filed a Transfer of Claim transferring the claim from original Movant, Ditech Financial LLC to current Movant, LoanCare, LLC.

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,218.28,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 2019 to May 2019 at $535.91/month |
| Suspense Balance: | $142.27 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,568.28** |

3. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on June 1, 2019 and continuing through November 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$535.91** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$594.71 from June 2019 to October 2019 and $594.73 for November 2019** towards the arrearages on or before the last day of each month at the address below:

LOANCARE LLC
PO Box 8068
Virginia Beach, VA 23450

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 1, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date:_____

Michael D. Hess, Esquire
Attorney for Debtor

Date:   May 2, 2019

/s/ Polly A. Langdon, Esquire for
Scott Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____ 2019. However, the court retains discretion regarding entry of any further order.

**Date: May 3, 2019**

_____
Bankruptcy Judge
Richard E. Fehling